IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| ARIEL RICE, <br> 3906 Bancroft Road <br> Baltimore, Maryland 2i215 <br><br> *Plaintiff*, <br><br> v. <br><br><br> BALTIMORE CITY FIRE <br> DEPARTMENT <br> 401 E. Fayette Street <br> Baltimore, Maryland 21202 <br> Serve On: James Wallace, Fire Chief <br> 401 E. Fayette Street <br> Baltimore, Maryland 21202 <br><br> And <br><br> MAYOR & CITY COUNCIL OF <br> BALTIMORE CITY <br> 100 N. Holiday Street <br> Baltimore, Maryland 21202 <br> Serve on: Ebony Thompson, City Solicitor <br> City Hall Room 101 <br> 100 N. Holiday Street <br> Baltimore, Maryland 21202 | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | <br><br><br><br><br> Case No. 1:26-734 |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**COMPLAINT FOR RELIGIOUS DISCRIMINATION**

**NATURE OF ACTION**

1.      This lawsuit involves claims by Plaintiff, Ariel Rice ("Mr. Rice"), a paramedic employed by the Baltimore City Fire Department ("BCFD") arising from (1) its discrimination against him on the basis of his status as an Orthodox, Sabbath-observant Jew and (2) its failure to reasonably accommodate Mr. Rice's religious observance despite a lack of undue hardship to

Defendants, both in violation of Title VII of the Civil Rights Act of 1964 as amended, and controlling United States Supreme Court jurisprudence.

## PARTIES

2. Mr. Rice is a paramedic employed by BCFD who resides in Baltimore City, Maryland.

3. The Mayor & City Council of the of Baltimore City ("Baltimore City") is a municipality located in Maryland which regularly conducts its governmental functions in Maryland. Defendant BCFD is an agency of Baltimore City which conducts its business and governmental tasks in the City of Baltimore.

## JURISDICITON AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 USC § 1331 because this action is based on allegations that Defendant violated Mr. Rice's civil rights, pursuant to 28 USC § 1343.

5. This Court has personal jurisdiction over Defendants because Defendants regularly conduct their business and/or their governmental functions in the state of Maryland and because Defendants' conduct has caused damage to Mr. Rice in the state of Maryland.

6. Venue in this Court is appropriate pursuant to 42 U.S.C. § 2000e-5(f)(3) because the unlawful employment practice alleged to have been committed by the Defendants occurred in this District, and pursuant to 28 U.S.C.A. § 1391 (e) because both Defendants reside in this District and the events complained of occurred in this District.

## FACTS

7. At all relevant times, Mr. Rice worked and works as a paramedic for the BCFD, an agency of Baltimore City. His position series/grade is Medic 27.

8. As a Sabbath-observant Orthodox Jew, Mr. Rice is prohibited from working from sundown Friday evening until shortly after sundown on Saturday evening (the "Sabbath") and on

certain Jewish holidays. Accordingly, he requires an accommodation for Sabbath and Jewish holiday observance in the event his schedule would otherwise require him to work on the Sabbath or a Jewish holiday on which work is prohibited.

9. Defendants have been aware that Mr. Rice is a Sabbath-observant Orthodox Jew since he informed Julie Torres, BCFD's Director of Human Resources of that fact in April 2024.

10. On or about August 13, 2024, Mr. Rice contacted Nikki Lewis, BCFD's Director, of Human Resources, to request an accommodation for the Jewish holiday of Rosh Hashana, which was to be observed in 2024 from shortly before sundown on Wednesday evening, October 2, through Friday evening, October 4, followed immediately by the Sabbath through shortly after sundown on October 5, 2025.

11. Mr. Rice followed up with Ms. Lewis regarding his request and provided additional documentation on or about August 14, 2024, which Ms. Lewis acknowledged receiving.

12. Mr. Rice heard nothing in response to his timely request for accommodation until September 26, 2024, when Mr. Lewis sent him an email in which she conveyed her understanding that "the practice for this is swapping shifts."

13. Mr. Rice, through correspondence sent by counsel on September 27, 2024, responded by reminding Ms. Lewis that federal law required Defendants to engage in an interactive process with Mr. Rice in an effort to reach a reasonable accommodation, and that Defendants were not permitted to simply instruct Mr. Rice to engage in "self-help," whether by attempting to negotiate a "shift swap" with other Department employees or otherwise, to obtain the accommodation he required.

14. The September 27, 2024 correspondence further noted that the issues raised by Rosh Hshana were not an isolated matter as Mr. Rice was going to require accommodation for his

Sabbath and Jewish Holiday observance on several other occasions over the upcoming month and on a recurring basis.

15. Later on September 27, 2024 Ms. Lewis sent an email stating that she was adding Eileen Brown, counsel for Defendants, to the communication.

16. Ms. Brown then forwarded what purported to be Baltimore City's Reasonable Accommodation policy applicable to Mr. Rice's situation, Policy No. AM-2-305.

17. In fact, what Ms. Brown forwarded was the policy applicable to requests for accommodation under the American's with Disabilities Act. When this was pointed out to Ms. Brown, she forwarded another Baltimore City Reasonable Accommodation policy, AM-2-703.

18. A review of Policy AM-2-703 revealed that it was not current as it was based upon the state of the law that existed prior to the Supreme Court's decision in *Groff v. DeJoy*.

19. On September 29, 2024, at Defendants' request, Mr. Rice submitted a Form AM-207-3-1 (Religious Accommodation Request) again requesting accommodation for his observance of the Sabbath and Jewish holidays.

20. On October 2, 2024, the eve of Rosh Hashana, Ms. Lewis sent Mr. Rice a letter stating as follows regarding Mr. Rice's request for religious accommodation:

> This request was submitted after an email communication dated September 26, 2024, explaining that the Baltimore City Fire Department practices, "shift swapping", as an alternative method of accommodating your request. A shift swap happens when an employee can't make it to a scheduled shift, so they trade shifts with another employee who's available to work during that period. You did not accept this proposed alternative practice. Currently, your request creates an undue hardship for a 24/7 safety-sensitive Baltimore City Fire Department because of a lack of necessary staffing, and requiring other employees to do more than their share of potentially hazardous or burdensome work which negatively impacts

available resources along jeopardizes patient safety and care, therefore your request has been denied.

21. Thus, despite Mr. Rice's request for accommodation to observe Rosh Hashana and the Sabbath from sundown on October 2 through shortly after sundown on October 5, 2024, first made in August 2024, the only accommodation offered or, upon information and belief, even considered by Defendants, was to instruct Mr. Rice to arrange for his own shift swaps and to permit him to use vacation time for his day shift on October 2, 2024, a useless gesture as he did not require a religious accommodation for that shift. Mr. Rice was told that no other accommodation was available and that he was expected to report for duty for his two night shifts on October 3 and October 4, 2024 even though those shifts were on Rosh Hashana and the Sabbath.

22. Despite his belief that Defendants' policy limiting its religious accommodation to instructing him to obtain his own shift swaps was inadequate and unlawful, Mr. Rice attempted to arrange shift swaps for Rosh Hashana and the ensuing Sabbath but was unable to do so. Accordingly, he did not report for duty on Rosh Hashana or the ensuing Sabbath.

23. Because Mr. Rice did not appear for his 5:00 pm shift on October 3, 2024 the first day of Rosh Hshana, he was deemed to be absent without leave (AWOL) effective at 7:00 a.m. on October 4, 2024 and was suspended in absentia.

24. Defendants then placed Mr. Rice on "Authorized Absence Without Pay" status from October 9 – October 12, 2024, resulting in Mr. Rice missing two days without pay.

25. On October 9, 2024, Mr. Rice was formally charged with "Charge #1- Violation of 56 CSR 2, b" and "Charge #2 - Violation of Rules and Regulations 45:05" for being AWOL on Rosh Hashana.

5

26. On January 16, 2025, Mr. Rice appeared, with counsel, for a disciplinary hearing related to the October 9, 2024 charge. At the hearing, Mr. Rice confirmed his religious observance of Rosh Hashana on the date in question and recounted his efforts to obtain a reasonable accommodation from Defendants, which he was not given.

27. On February 11, 2025, Defendants, through BCFD Chief, James W. Wallace issued an Order in which he dismissed Charge #1 and ordered that five points be added to Mr. Rice's disciplinary history "which is equivalent to four suspension days without pay" for Charge #2. The Order noted that, because Mr. Rice had already served two days without pay in October 2024, he was to be suspended for an additional two days without pay.

28. On or about March 25, 2025, Mr. Rice filed a Charge with Equal Employment Opportunity Commission alleging religious discrimination on the part of the Baltimore City Fire Department based upon its failure to accommodate Mr. Rice's religious observance.

29. The EEOC transferred the matter to the Baltimore City Community Relations Commission (BCCRC), and the Charge was authorized by the Baltimore City Office of Equity & Civil Rights on April 30, 2025.

30. On or about June 26, 2025, after a three-month investigation, the BCCRC issued a Preliminary Determination of Probable Cause, stating, in an email from its Investigator, as follows:

> **Brief Summary of Determination:**
> Based on the information reviewed—including correspondence between the parties, documentation of your accommodation requests, and BCFD's own statements—CRC finds that you made timely and sincere requests for religious accommodation consistent with your observance of Orthodox Judaism. You first contacted BCFD Human Resources on August 13, 2024, identifying a scheduling

6

conflict with the observance of Rosh Hashanah. You then submitted a formal accommodation form on September 29, 2024. BCFD did not issue a written denial until October 2, 2024, with Rosh Hashanah beginning at sundown that day, leaving little opportunity for meaningful discussion or alternative arrangements.

Rather than engage in the interactive process or offer a religious accommodation, BCFD directed you to arrange shift swaps independently. However, shift swapping is not always a reliable accommodation, especially for religious holidays planned far in advance. If a coworker later withdraws from a swap, the employee who planned the swap is left without coverage and at risk of disciplinary action. The record does not indicate that BCFD assessed the risks or limitations of this approach.

In May 2025, during a meeting regarding your religious accommodation request to observe Shavuot, you proposed a shift reassignment (from B to C shift), which would have significantly reduced scheduling conflicts over time. There is no evidence that BCFD evaluated this proposal or conducted an individualized analysis.

Although BCFD cited operational and safety concerns in its denial letters, including claims of undue hardship, the record does not show that these conclusions were based on a case-specific assessment. In *Groff v. DeJoy*, 600 U.S. 447 (2023), the Supreme Court emphasized that courts must consider "all relevant factors in the case at hand, including the particular accommodations at issue and their practical impact in light of the nature, size, and operating cost of an employer." This requires employers to conduct an analysis of the actual request and a showing of concrete, substantial burden—not generalized assumptions or blanket policies.

Accordingly, CRC finds sufficient basis to support the allegation that BCFD failed to provide a reasonable accommodation for religious observance, in violation of Title VII of the Civil Rights Act of 1964.

31.   In September 2025, Mr. Rice and his partner misplaced a pulse oximeter in the field. This resulted in Mr. Rice receiving two disciplinary points. While the two points he received for misplacing the pulse oximeter would not typically have resulted in any further discipline, because he had been unlawfully determined to be AWOL on Rosh Hashana in October of 2024, the two additional points resulted in Mr. Rice receiving an additional four-day suspension.

32.   Mr. Rice reported these events to the BCCRC, which acknowledged receipt of the information.

33. On or about September 10, 2025, Mr. Rice submitted a Form AM 207-3-1 requesting religious accommodation for the Jewish holiday of Sukkot on October 6-7 and October 13-15, 2025.

34. On September 22, 2025, Mr. Rice met with Ms. Lewis to discuss his request. Mr. Rice agreed to attempt to arrange a shift swap for those days but expressed concern regarding what would occur if the individual with whom he swapped was unable to work on the dates of the swap due to illness or otherwise.

35. Ms. Lewis offered no solution to that problem or any assurance to Mr. Rice. Instead, she reiterated that the only accommodation that BCFD was willing to offer was to permit Mr. Rice to swap shifts if he could arrange to do so.

36. Significantly, Defendants permit EMTs to "self-swap," i.e., simply make up their shift on another day when, for example, they must miss a shift for a paramedic class. Yet Defendants do not permit Mr. Rice to "self-swap" in order to observe the Sabbath or Jewish holidays.

37. On November 12, 2025, over four months after it had issued its preliminary finding of probable cause, the BCCRC issued a Final Determination of NO PROBABLE CAUSE without offering any explanation as to its about-face and even though the facts on which the preliminary determination was based had not changed.

38. On December 11, 2025, the EEOC issued a Determination and Notice of Rights.

## COUNT I – RELIGIOUS DISCRIMINATION
### Title VII of the Civil Rights Act of 1964, as amended

39. Mr. Rice incorporates by reference the allegations in Paragraphs 1-38 of this Complaint as if fully set forth herein.

40. Mr. Rice has a bona fide religious belief, *i.e.*, that he may not work on the Jewish Sabbath or on certain Jewish holidays, which conflicts with his employment as a paramedic for Defendants.

41. Mr. Rice informed Defendants of this belief and the conflict with his employment that it presented.

42. Defendant has failed to make a reasonable effort to accommodate Mr. Rice's religious beliefs even though the accommodations proposed and requested by Mr. Rice would not pose an undue hardship for Defendant as that term has been interpreted by the Unites States Supreme Court.

43. Defendants have accommodated requests by other EMTs and paramedics for leave for reasons unprotected by law while denying Mr. Rice's requests for leave.

44. Defendants have enforced their requirement that Mr. Rice work shifts on the Sabbath and Jewish holidays if he cannot find his own shift swap and have considered him to be AWOL if he does not work on those days resulting in Mr. Rice being suspended without pay.

45. The disciplinary suspensions issued by Defendants constitute adverse employment actions, providing Mr. Rice with clear notice that if he continued to refuse to work on the Sabbath and Jewish holidays, he would be terminated.

46. As a proximate result of Defendants' religious discrimination, Mr. Rice has been harmed in that he has suffered the loss of wages, salary, and benefits, in an amount according to proof.

47. As a further proximate result of Defendant's discriminatory actions against Mr. Rice, as alleged above, Mr. Rice has been harmed in that he has suffered humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and body, in an amount

according to proof.

48.   42 U.S.C. § 2000e-5(k) provides that the court may allow the prevailing party to recover a reasonable attorney's fee as part of the costs. As a result, Mr. Rice is seeking reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Ariel Rice, respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their agents and employees, and all persons acting in active concert or participation with them, from engaging in religious discrimination and retaliation and any other employment practice which discriminates on the basis of religion.

B. Order Defendants to institute and carry out policies, practices, and programs which provide Equal Employment Opportunities for religious observance of the Jewish Sabbath and Jewish holidays which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make Mr. Rice whole by providing appropriate back-pay with pre-judgement interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to, removing all reference to any discipline associated with Mr. Rice's religious observance from his personnel records, and providing Mr. Rice with a schedule that accommodates his religious observance of the Sabbath and Jewish holidays.

D. Order Defendants to make Mr. Rice whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful conduct, including but not limited to pain and suffering, emotional distress, inconvenience, mental anguish, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

E. Order Defendant to pay Mr. Rice's reasonable attorneys' fees and costs.

F. Grant such further relief as this Court deems just and proper.

## COUNT II  - FAILURE TO ACCOMMODATE
Title VII of the Civil Rights Act of 1964

49.   Mr. Rice incorporates by reference all of the allegations in Paragraphs 1-48 above as if fully set forth in herein.

50. Mr. Rice has a sincerely held religious belief to observe Sabbath and Jewish holidays and is not permitted to work on those days. Mr. Rice informed Defendants of this belief and requested religious accommodation not to work on The Sabbath and Jewish holidays.

51. Defendants failed and refused to adequately act on Mr. Rice's request for religious accommodation, instead directing him to arrange his own shift swaps, effectively denying Mr. Rice's request for religious accommodation when no shift swaps were available.

52. Defendants failed to fulfill their legal obligation to make good faith efforts to provide a reasonable religious accommodation to Mr. Rice and also failed to provide Mr. Rice with a religious accommodation.

53. Instead of complying with its legal obligation to accommodate Mr. Rice's religious observance of the Sabbath and Jewish holidays, Defendants issued Mr. Rice punitive (not corrective) discipline constituting an adverse employment action.

54. On information and belief, Defendants were and are able to arrange for coverage for Mr. Rice's shifts which occur on Sabbath and Jewish holidays on which he is prohibited from working and were fully capable of providing him with religious accommodation without undue hardship but failed to do so or, on information and belief, even consider doing so.

55. As a proximate result of Defendants' religious discrimination, Mr. Rice has been harmed in that he has suffered the loss of wages, salary, and benefits, in an amount according to proof.

56. As a further proximate result of Defendant's discriminatory actions against Mr. Rice, as alleged above, Mr. Rice has been harmed in that he has suffered humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and body, in an amount according to proof.

57. 42 U.S.C. § 2000e-5(k) provides that the court may allow the prevailing party to recover a reasonable attorney's fee as part of the costs. As a result, Mr. Rice is seeking reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Ariel Rice, respectfully requests that this Court:

G. Grant a permanent injunction enjoining Defendants, their agents and employees, and all persons acting in active concert or participation with them, from engaging in religious discrimination and retaliation and any other employment practice which discriminates on the basis of religion.

H. Order Defendants to institute and carry out policies, practices, and programs which provide Equal Employment Opportunities for religious observance of the Jewish Sabbath and Jewish holidays which eradicate the effects of its past and present unlawful employment practices.

I. Order Defendant to make Mr. Rice whole by providing appropriate back-pay with pre-judgement interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to, removing all reference to any discipline associated with Mr. Rice's religious observance from his personnel records, and providing Mr. Rice with a schedule that accommodates his religious observance of the Sabbath and Jewish holidays.

J. Order Defendants to make Mr. Rice whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful conduct, including but not limited to pain and suffering, emotional distress, inconvenience, mental anguish, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

K. Order Defendant to pay Mr. Rice's reasonable attorneys' fees and costs.

L. Grant such further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, Ariel Rice, hereby demands a jury trial on all issues so triable.

Dated: February 23, 2026      Respectfully submitted,

*[signature]*

Joseph B. Wolf (Federal Bar No. 27882)
**WOLF LEGAL, LLC**
37 Walker Avenue, Second Floor
Pikesville, Maryland 21208
Telephone: (410) 345-0345
joseph@jwolflegal.com
*Counsel for Plaintiff*